| | | | | | |
|---|---|---|---|---|---|
| Jennifer L. Barton | Andrés J. Gallegos | Ryan T. Johnson | Laurie Martin Montplaisir | Jennifer M. Sender |
| Todd A. Bickel | Rita W. Garry | Emily C. Kaminski | Eric G. Patt | Donna M. Shaw |
| Vincent T. Borst | Richard L. Gayle | Andrew W. Lapin | Stephen P. Patt | Caroline S. Smith |
| Marshall K. Brown | Barry Glazer | Parker E. Lawton | Diana H. Psarras | Richard L. Stavins |
| William A. Castle, Jr. | Howard S. Golden | Zachary J. Levi | David P. Resnick | Christine R. Walsh |
| Catherine A. Cooke | R. Kymn Harp | Malcolm J. MacLaren | Cornelius F. Riordan | Justin L. Weisberg |
| Ariel B. Cutts | Steve Jakubowski | James M. Mainzer | Andrew M. Sachs | Robert McKenna Winter |
| Richard H. Fimoff | Thomas A. Jefson | Teresa A. Minnich | Edward S. Salomon | Alan J. Wolf |
| | | | | Thomas P. Yardley, Jr. |

**ROBBINS, SALOMON & PATT, LTD.**
*Attorneys at Law*

May 10, 2021

<u>*Via UPS Overnight*</u>
EVERLANE, INC.
2170 Folsom Street
San Francisco, California 94110

Re: ***NOTICE OF TERMINATION OF LEASE***
Lease dated October 10, 2019 (the "Lease") between Everlane, Inc. ("Everlane") and Marol State L.L.C. ("Landlord") for certain premises labeled Spaces Tenant C and Tenant D, 4 E. Cedar Street, Chicago, Illinois (the "Premises" as more fully described in the Lease).

Dear Sir or Madam,

As your files should indicate, this office represents Marol State L.L.C., an Illinois limited liability company, the Landlord under the above referenced Lease.

Notice is hereby given of Landlord's election to ***terminate the Lease*** by reason of Everlane's breach thereof, as more fully described below.

By Notice of Monetary Default dated October 12, 2020, a copy of which is enclosed herewith for ease of reference, Landlord notified Everlane pursuant to Section 12.1 of the Lease of the existence of certain monetary defaults by the method provided in Section 26.9 of the Lease. Pursuant to the Notice of Monetary Default, Everlane's rights to *possession* of the Premises was terminated ". . . *without termination of the Lease,"* with Landlord expressly ". . . *reserving all rights to thereafter terminate the Lease at a future date based upon the same breach . . .*" as permitted under Sections 12.1 and 12.2 of the Lease.

By letter dated November 25, 2020, a copy of which is likewise enclosed herewith for ease of reference, Everlane confirmed that Everlane had surrendered to Landlord the Premises described in the Lease, and irrevocably disclaimed any and all right to possession of the Premises.

#3782835v1

**Exhibit 5**

EVERLANE, INC.
May 10, 2021
Page 2

As permitted by Section 12.2.A. of the Lease, notice is hereby given by Landlord to Everlane that Landlord has elected to terminate the Lease for such previous breach (as described in the Notice of Monetary Default dated October 12, 2020) effective immediately upon the date this Notice of Termination of Lease is deemed given, as provided in Section 26.9 of the Lease.

Notwithstanding termination of the Lease, *Landlord reserves all of Landlord's rights and remedies* arising under the Lease as provided in Section 12.2.A and Section 12.2.B. of the Lease, and as otherwise as provided in the Lease, or as otherwise provided at law, in equity, or by statute, which may in any way arise by reason of or as a result of Everlane's default under the Lease.

Robbins, Salomon & Patt, Ltd.

*[signature]*

R. Kymn Harp
Attorneys for Marol State L.L.C.,
An Illinois limited liability company,
Landlord

cc: Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4784
Attn. David A. Piedra
*Courtesy copy via email*: dpiedra@morrisoncohen.com

cc: Thomas P. Yardley, Jr.

#3782835v1

| | | | | |
|---|---|---|---|---|
| Edward C. Abramson | Andrés J. Gallegos | Andrew W. Lapin | David P. Resnick | Justin L. Weisberg |
| Jennifer L. Barton | Richard L. Gayle | Parker E. Lawton | Cornelius F. Riordan | Robert McKenna Winter |
| Todd A. Bickel | Barry Glazer | Zachary J. Levi | Andrew M. Sachs | Alan J. Wolf |
| Vincent T. Borst | Howard S. Golden | James M. Mainzer | Edward S. Salomon | Thomas P. Yardley, Jr. |
| Marshall K. Brown | R. Kymn Harp | Teresa A. Minnich | Jennifer M. Sender | |
| William A. Castle, Jr. | Steve Jakubowski | Laurie A. Martin Montplaisir | Donna M. Shaw | |
| Catherine A. Cooke | Thomas A. Jefson | Eric G. Patt | Caroline S. Smith | |
| Ariel B. Cutts | Ryan T. Johnson | Stephen P. Patt | Richard L. Stavins | |
| Richard H. Fimoff | Emily C. Kaminski | Diana H. Psarras | Christine R. Walsh | |

**ROBBINS, SALOMON & PATT, LTD.**

October 12, 2020

***Via UPS Overnight***
Everlane, Inc.
2170 Folsom Street
San Francisco, California 94110

      Re:    NOTICE OF MONETARY DEFAULT
                  Premise at: 4 E. Cedar Street, Chicago, Illinois, Suites Tenant C and D

Dear Sir or Madam,

      Please be advised that we have been engaged to represent Marol State L.L.C., an Illinois limited liability company, to enforce its rights and remedies as Landlord under the Lease described below.

      Reference is made to that certain Lease Agreement ("**Lease**") dated as of the "___ day of October, 2019" (the "**Effective Date**") by and between Marol State L.L.C., an Illinois limited liability company ( "**Landlord**"), and Everlane, Inc., a Delaware corporation ("**Tenant**"), for certain premises described therein as Spaces Tenant C and Tenant D, 4 E. Cedar Street, Chicago, Illinois 60611, containing approximately 3,629 square feet on the ground floor (the "**Premises**"). Capitalized terms used herein and not otherwise defined in this Notice of Monetary Default shall have the meaning ascribed in the Lease, unless its context herein clearly indicates otherwise.

      This Notice of Monetary Default ("**Notice of Monetary Default**") is given pursuant to Section 12.1 of the Lease as provided in Section 26.9 of the Lease.

      Pursuant to Section 1.6 of the Lease, the Commencement Date was September 1, 2020.

      As provided in Section 4.1 of the Lease, on September 14, 2020 Landlord sent Tenant via commercial overnight carrier a first payment invoice ("**First Payment Invoice**") specifying the amount of Base Rent, the estimated Expense Charge, and the estimated Tax Charge due for September 2020, which was received by Tenant on September 15, 2020. A copy of the cover letter

Everlane, Inc.
October 12, 2020
Page 2

dated September 14, 2020 and the First Payment Invoice enclosed therewith are attached hereto as **Exhibit A**. As reflected on the First Payment Invoice, the amount of the first payment then due for *September 2020* was $88,163.83 ("**September Rent**").

As further provided in Section 4.1 of the Lease, the Tenant was obligated to pay the first payment as specified in the First Payment Invoice no later than ten (10) business days after Tenant's receipt of the First Payment Invoice. As such, the Tenant was obligated to pay the First Payment Invoice no later than September 29, 2020 (the "**First Payment Due Date**").

Pursuant to Section 12.1 of the Lease, if Tenant does not pay the amount reflected in the First Payment Invoice for more than ten (10) days after it is past due, Tenant shall be in default under the Lease if such amount is not paid within five (5) days after Landlord delivers written notice thereof to Tenant. *This letter constitutes notice to Tenant that the September Rent, as reflected in the First Payment Invoice, is more than ten (10) days past due.*

As of September 30, 2020, September Rent as reflected in the First Payment Invoice was one (1) day past due. As of October 9, 2020, the September Rent was ten (10) days past due. As of October 10, 2020, the September Rent was more than ten (10) days past due, rendering the Tenant in default under the Lease if not paid within five (5) days after Landlord delivers this written notice to Tenant.

In addition to amounts due for September Rent, as reflected in the First Payment Invoice, Base Rent, and estimated Expense Charge and Tax Charge for October 2020 (collectively, the "**October Rent**") became due and payable in advance, without prior demand or any right of offset or deduction, as of October 1, 2020. Accordingly, as of October 1, 2020, October Rent in the amount of $88,163.83 additionally became due and payable.

Pursuant to Section 12.1 of the Lease, if Tenant does not pay October Rent for more than ten (10) days after it is past due, Tenant shall be in default under the Lease if such amount is not paid within five (5) days after Landlord delivers written notice thereof to Tenant. *This letter constitutes notice to Tenant that the October Rent is more than ten (10) days past due.*

As of October 2, 2020, October Rent was one (1) day past due. As of October 11, 2020, the October Rent was ten (10) days past due. As of October 12, 2020, the October Rent was more than ten (10) days past due, rendering the Tenant in default under the Lease if October Rent is not paid within five (5) days after Landlord delivers this written notice to Tenant.

**NOTICE IS HEREBY GIVEN** that Tenant is delinquent in the payment of (i) September Rent (as reflected in the First Payment Invoice) in the amount of $88,163.83 and (ii) October Rent, in the amount of $88,163.83; aggregating $176,327.66.

R S P

RSP CHICAGO
180 N. LaSalle Street | Ste. 3300 | Chicago, Illinois 60601
General 312.782.9000 | Fax 312.782.6690

RSP GLENVIEW
2222 Chestnut Avenue | Ste. 101 | Glenview, Illinois 60026
General 847.729.7300 | Fax 847.729.7390

Everlane, Inc.
October 12, 2020
Page 3

**If Landlord does not receive from Tenant the past due Rent aggregating $176,327.66 on or before the end of the fifth (5th) day following the date this notice is delivered to Tenant, Tenant shall be in default of this Lease and, pursuant to Landlords' rights and remedies under Sections 12.1 and 12.2 of the Lease,** Tenant's rights to *possession* of the Premises shall thereupon terminate, *without termination of the Lease*, and without further notice, with the Landlord reserving all rights to thereafter terminate the Lease at a future date based upon the same breach.

**Only FULL PAYMENT of the Rent demanded in this notice within the time period provided herein will waive the Landlord's right to terminate Tenant's right to possession or to thereafter terminate the Lease, unless the Landlord agrees in writing to continue the Lease, or Tenant's right to possession, in exchange for receiving partial payment.**

If Tenant's right to possession is terminated, without termination of the Lease, as provided herein, Landlord shall have the following rights, and Tenant shall have the following continuing obligations, as expressly provided in the first full paragraph of Section 12.2 A. of the Lease:

"Should Tenant be in default as provided in Section 12.1 above beyond applicable notice and cure periods, and Landlord elects to reenter or should it take possession pursuant to legal proceedings, or should Tenant fail to cure a default (after expiration of the applicable notice period), Landlord may *either* terminate this Lease, *or may*, from time to time without terminating this Lease, make such alterations and repairs as may be necessary to return the Premises in order to relet the Premises, and relet the Premises or any part thereof for such term or terms (which may be for a term extending beyond the Term) at such rental or rentals and upon such other terms and conditions as Landlord, in its sole discretion may deem advisable. Upon each such reletting, all rentals received by Landlord therefrom shall be applied: first, to any indebtedness other than Rent due hereunder from Tenant to Landlord; second, to pay any costs and expenses of reletting, including Additional Rent, concessions or abatements, brokers' fees and attorneys' fees, and of costs of the aforesaid alterations and repairs; third, to the payment of Rent due and unpaid hereunder; and the residue, if any, shall be held by Landlord and applied in payment of future Rent as the same may become due and payable hereunder. If such rentals received from such reletting during any month shall be less than that to be paid during that month by Tenant hereunder, Tenant shall pay any such deficiency to Landlord. Such deficiency shall be calculated and paid monthly. No such reentry or taking possession of the Premises by Landlord shall be construed as an election on its part to terminate this Lease unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a court of competent jurisdiction. If Landlord does not terminate this Lease, Landlord should be entitled to continue to recover from Tenant any Rent payable under the terms of this Lease but for concessions or abatements previously granted by Landlord to Tenant. Notwithstanding any such reletting without termination,

R S P
RSP Chicago
180 N. LaSalle Street Ste. 3300 Chicago, Illinois 60601
General 312.782.9000 Fax 312.782.6690

RSP Glenview
2222 Chestnut Avenue Ste. 101 Glenview, Illinois 60026
General 847.729.7300 Fax 847.729.7390

Everlane, Inc.
October 12, 2020
Page 4

> Landlord may at any time thereafter elect to terminate this Lease for such previous breach."

If, by reason of Tenant's default, and notwithstanding Landlord's prior exercise of its right to take possession of the Premises without termination of the Lease, the Landlord shall thereafter elect to terminate the Lease upon written notice to Tenant, Landlord shall have all rights and remedies provided under the Lease including, without limitation, the following right expressly provided in the second full paragraph of Section 12.2 A. of the Lease:

> Landlord shall have the right, in addition to any other remedies it may have, to recover from Tenant all damages Landlord may incur by reason of such breach including "unamortized Landlord's Contribution to Tenant's Work, leasing commissions, the cost of recovering the Premises, reasonable attorneys' fees, and including the worth at the time of such termination of the excess, if any, of the amount of Rent reserved under this Lease for the remainder of the Lease Term over the then reasonable rental value of the Premises for the remainder of the Lease Term, all of which amounts shall be immediately due and payable from Tenant to Landlord."

If Tenant fails to pay September Rent and/or October Rent within ten (10) days of receipt of this written notice, Tenant shall, in addition, be obligated to pay a late payment charge equal to five percent (5%) of each such unpaid installment of Rent (a late fee of $4,408.19 for September Rent; and a late fee of $4,408.19 for October Rent; (aggregating $8,816.38); as well as recurring late fees of five percent (5%) for each month thereafter an installment of Rent is not timely paid, to reimburse Landlord for its additional administrative costs.

Any Rent not paid on or before expiration of the notice and cure period provided for in Section 12.1 of the Lease shall, additionally, bear interest from such date until the date paid at the Default Rate. As defined in Section 26.6 of the Lease, the Default Rate means three percent (3%) per annum in excess of the "Prime Rate" (currently 3.25%) published in the Wall Street Journal (resulting in a current effective Default Rate of 6.25% per annum), but in no event to exceed the maximum lawful rate.

The specification of monetary defaults herein shall not be deemed to imply that Tenant is not otherwise in default of other obligations under the Lease, and shall not be deemed a waiver of other Tenant defaults, monetary or non-monetary; and the specification of Landlord remedies herein shall not constitute a binding election of remedies or a waiver or relinquishment of any other remedies; and all of Landlord's rights, claims and remedies under the Lease are reserved in full.

R S P

RSP CHICAGO
180 N. LaSalle Street | Ste. 3300 | Chicago, Illinois 60601
General 312.782.9000 | Fax 312.782.6690

RSP GLENVIEW
2222 Chestnut Avenue | Ste. 101 | Glenview, Illinois 60026
General 847.729.7300 | Fax 847.729.7390

Everlane, Inc.
October 12, 2020
Page 5

Sincerely,

Robbins, Salomon & Patt, Ltd.

R. Kymn Harp
Attorneys for Landlord

cc: Jim Lovell, Leasing Attorney for Everlane, Inc. *via UPS Overnight*
Opus Law Group
1325 Fourth Avenue, Suite 1800
Seattle, WA 98101

R S P

RSP CHICAGO
180 N. LaSalle Street | Ste. 3300  Chicago, Illinois 60601
General 312.782.9000 | Fax 312.782.6690

RSP GLENVIEW
2222 Chestnut Avenue | Ste. 101, Glenview, Illinois 60026
General 847.729.7300  Fax 847.729.7390

Matt Marol
Marol State L.L.C.
81 Salem Lane
Evanston, IL 60203

September 14, 2020

Alan Cooke
Store Development
Everlane, Inc.
2170 Folsom Street
San Francisco, CA 94110

RE: Rent Invoice for Everlane Chicago Gold Coast (4 E. Cedar Street, Chicago, IL 60611)

Dear Alan,

Upon the advice of our attorneys, and to stay in good standing with our lender, we are required to send you the attached Invoice pursuant to Section 4.1 of your Lease. Prompt payment is appreciated.

Best Regards,


Matt Marol
mattmarol13@gmail.com
847-274-5585 (cell)


cc: Everlane Accounting / Lease Administration Departments

EXHIBIT A
P.1 of 2

## Rent Invoice – Everlane Chicago Gold Coast

The following amounts, including Base Rent and Additional Rent, are due on the first day of each calendar month of the Term, beginning September 1, 2020 (the Commencement Date):

| Category | Amount |
| --- | --- |
| Base Rent | $78,617.08 |
| Additional Rent (Expense Charge) | $1,767.92* |
| Additional Rent (Tax Charge) | $7,778.83* |
| **Total Monthly Payment** | **$88,163.83** |

*Per Lease, Section 4.5 (A), item #4, solely during the First Lease Year, Tenant's share of Expenses shall not exceed $21,215.00 and Tenant's share of Taxes shall not exceed $93,346.00. Based on Landlord's reasonable estimates, Everlane's actual pro rata shares of Expenses and Taxes for the First Lease Year are expected to exceed these amounts. Thus, the monthly charge amounts for Expenses and Taxes for the First Lease Year have been set equal to 1/12th of the annual cap amounts set forth in the Lease.

Payments should be remitted electronically per the following instructions:

Entity: Marol State L.L.C.
EIN: 30-0034528
Financial Institution: JP Morgan Chase
Account # 950602560
Routing # 071000013 (for direct deposits and ACH) (preferred)
Routing # 021000021 (for wire transfers)

EXHIBIT A
P. 2 oF 2

# EVERLANE

November 25, 2020

**BY FEDEX**

Marol State L.L.C.
c/o Ralph W. Marol, Manager
81 Salem Lane
Evanston, IL 60203

        Re:    Lease dated October 10, 2019 (the "Lease") between Everlane, Inc. ("Everlane") and Marol State L.L.C. ("Landlord") for certain premises labeled Spaces Tenant C and Tenant D, 4 E. Cedar Street, Chicago, Illinois (the "Premises" as more fully described in the Lease)

Dear Mr. Marol:

    Please accept this letter as confirmation that Everlane has surrendered to Landlord the Premises described in the above-referenced Lease. Everlane irrevocably disclaims any and all right to possession of the Premises, and further irrevocably disclaims any and all right in any personal property, tools, materials, fixtures or equipment that may remain in the Premises as of this date.

    Everlane agrees to indemnify and hold Landlord harmless against any claims asserted against Landlord by any of Everlane's contractors, subcontractors or suppliers arising from the loss of personal property, tools, materials, fixtures or equipment that may remain in the Premises as of this date. Other than the waiver of rights set forth herein, this letter is without prejudice to any rights of Landlord or Everlane, under the Lease or otherwise.

                              Sincerely,

                              Everlane, Inc.

                              By: _____
                                     Edgar Ho,
                                     Chief Financial Officer

cc:    David A. Piedra, Esq.
       R. Kymn Harp, Esq.